UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KARL W. RHODES | CASE NO. |
| VS | JUDGE |
| TRANSOCEAN, LTD, TRANSOCEAN DEEPWATER, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN HOLDING, LLC, TRITON ASSET LEASING GMBH, BP, PLC, BP PRODUCTS OF NORTH AMERICA, INC., BP EXPLORATION & PRODUCTION, BP AMERICA, INC., BP CORPORATION NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, INC., SPERRY-SUN DRILLING SERVICES, WEATHERFORD INTERNATIONAL, LTD., CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION | MAG. JUDGE<br><br>JURY TRIAL REQUESTED |

**Complaint**

The complaint of Karl W. Rhodes, herein represented by undersigned counsel, respectfully represents upon information and belief that:

-1-

1.

Petitioner is a citizen of the United States of America and is a resident of lawful age and is domiciled in Evangeline Parish, Louisiana.

2.

The Court's jurisdiction is based upon the Admiralty and Maritime jurisdiction under Article III, Section 2 of the United States Constitution, 46 U.S.C. § 30104 (formerly 46 U.S.C. § Appx. 688) *et seq*, 28 U.S.C. § 1333, and the General Maritime Law of the United States.

3.

The following parties are made defendants herein:

A. Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

B. Transocean, Ltd. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

C. Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

D. Transocean Deepwater, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

E. Transocean Holdings, LLC (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

F. Triton Asset Leasing GMBH (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

G. BP, PLC (BP Entity) is a foreign corporation doing business in the State of Louisiana;

H. BP Products North America, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

I. BP Exploration and Production, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

J. BP America, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

K. BP Corporation of North America, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

L. Halliburton Energy Services, Inc. (Haliburton Entity) is a foreign corporation doing business in the State of Louisiana;

M. Sperry-Sun Drilling Services (Haliburton Entity), a division of Haliburton, is a foreign corporation doing business in the State of Louisiana;

N. Weatherford International Ltd. ("Weatherford") is a foreign corporation doing business in the State of Louisiana;

O. Cameron International Corporation D/b/a Cameron Systems Corporation ("Cameron") is a foreign corporation doing business in the State of Louisiana.

4.

At all times material, including April 20, 2010, Transocean Deepwater, Inc. and/or Transocean Entity employed Karl W. Rhodes as a Jones Act seaman and a member of the crew of a semi-submersible mobile drilling unit known as the *Deepwater Horizon*, which rig was located in

the Gulf of Mexico off the Louisiana coast.

5.

At all times pertinent herein, including April 20, 2010, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and/or Transocean Entity and/or BP Entity owned and/or operated and/or managed and/or chartered and/or controlled or, alternatively, was the demise or bareboat charterer or owner *pro hac vice* of the *Deepwater Horizon*.

6.

The *Deepwater Horizon* is a vessel within the meaning of the Jones Act and the General Maritime Law.

7.

At all times material, including April 20, 2010, the *Deepwater Horizon* was in navigation in navigable waters off the Louisiana coast within the Court's jurisdiction.

8.

On April 20, 2010 at about 10:00 p.m., petitioner was injured when an explosion or explosions and fire suddenly and without warning occurred aboard the vessel.

9.

This incident, fire, or explosion(s) and petitioner's injuries were caused directly and proximately by the combined or individual negligence and fault of the defendants, their respective employees, agents, servants, officers, and crew, which negligence and fault petitioner avers includes, but not exclusively, the following:

A.  Breaching a legally imposed duty of care owed by the defendants to petitioner;

B.  Allowing an unsafe condition to exist aboard the vessel;

C.  Failing to exercise reasonable care and to take reasonable precautions under the circumstances for the safety of petitioner and others aboard the vessel;

D.  Failing to properly perform the operation ongoing when the incident happened;

E.  Failing to take all appropriate precautions to avoid this incident, fire, and explosion(s);

F.  Failing to have all proper equipment and gear necessary to perform the job being performed at the time of the incident, fire, and explosion(s) in a safe manner;

G.  Failing to keep the equipment on board the vessel in proper condition and repair;

H.  Failing to properly inspect the rig and all of its equipment and gear;

I.  Failing to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the incident, fire, and explosion(s);

J.  Failing to furnish petitioner with a safe place in which to work;

K.  Violating government and industry, rules, regulations, and standards, all of which are pleaded as if copied at length herein;

L.  Acting in a grossly negligent, reckless, wilful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the incident, fire, and explosion(s) and with respect to petitioner and others who were aboard the vessel;

M.  Other acts of negligence and fault which may be shown through discovery or at trial;

N.  Generally, the failure of these defendants to act with the required degree of care commensurate with the existing situation.

10.

Petitioner also avers that this incident was caused by the unseaworthiness of the vessel, her gear, tools, appliances, and personnel.

11.

Petitioner specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned and had custody and control of the rig where the incident occurred and which incident could not have occurred absent the negligent conduct of one or all of the defendants herein.

12.

In addition, and alternatively, this incident was caused by defective equipment that was manufactured or in the care, custody, and control of one or more of the defendants. The defendants knew or should have known of these defects and defendants are, therefore, liable for them.

13.

This incident or explosion caused petitioner severe and permanent injury, and he has and will continue to indefinitely suffer bodily injuries, mental anguish, distress, depression, and the loss or diminishment of enjoyment of life, wage losses and/or the impairment of earning capacity, and other damages and injuries that will be shown at trial. And because of this incident, he and has or will incur surgical, hospital, and other medical expenses. He is currently suffering from post-traumatic stress disorder, depression, anxiety, and other injuries that will be shown at trial.

14.

Petitioner is entitled to recover the full measure of his damages caused by this incident and

which damages include the following, but not exclusively, as follows:

    A.    Physical and mental injury, pain and suffering, mental anguish, distress and fright, past and future;

    B.    Loss of earnings, past and future;

    C.    Loss of fringe benefits;

    D.    Loss of found, past and future;

    E.    Loss of earning capacity;

    F.    Loss of or impairment of the enjoyment of life;

    G.    Mental anguish, grief, depression, anxiety, and suffering;

    H.    Medical and related expenses, past and future;

    I.    Punitive or exemplary damages;

    J.    Other items of damages that may be shown through discovery or at trial;

    K.    All appropriate and equitable relief;

    L.    Prejudgment interest on all sums awarded from date of loss until paid;

    M.    Post-judgment interest on all sums awarded from date of judgment until paid;

    N.    All court and litigation costs allowed by law.

15.

Due to the injuries caused by this incident, Petitioner is unfit for duty and is unable to return to duty.

16.

Petitioner has not reached maximum medical cure.

17.

As petitioner's Jones Act employer, Transocean Deepwater, Inc. and/or Transocean Entity has an absolute, nondelegable duty under the general maritime law to provide petitioner with maintenance, cure, and found from the date he was rendered unfit for duty until he reaches maximum cure, which he has not yet reached, subject to a credit for all amounts already paid in maintenance and cure.

18.

At all times material, including April 20, 2010, petitioner avers that each defendant was insured under a policy of liability insurance or protection and indemnity coverage insuring and covering each defendant for and against liability of the nature asserted herein. Petitioner does not know the names or identities of each insurer and he therefore reserves his right to supplement and/or amend this Complaint to name and add each insurer as additional defendants in this suit.

19.

As a Jones Act seaman, petitioner is entitled to file and prosecute this action without prepayment of costs under 28 U.S.C. § 1916.

20.

Petitioner is entitled to and requests a trial by jury as to all claims and causes of action alleged herein and any additional claims and causes to be brought by way of amended andlor supplement

WHEREFORE, petitioner, Karl W. Rhodes, prays that after due proceedings are had, the Court render judgment in his favor and against the defendants and their respective liability insurers

for compensatory, punitive, exemplary, and other appropriate damages, together with prejudgment interest from date of loss until paid, and for all costs of these proceedings. Petitioner also prays that the Court permit him to file and prosecute this action under 28 U.S.C. § 1916. Finally, petitioner prays for such further orders and relief to which he is entitled, whether at law, in admiralty, or in equity.

          Respectfully submitted,

          *s/Richard R. Kennedy*
          RICHARD R. KENNEDY (# 7788), T.A.
          RICHARD R. KENNEDY III (#26951)
          309 Polk Street
          P.O. Box 3243
          Lafayette, LA   70502-3243
          Phone:   (337) 232-1934
          Fax:       (337) 232-9720
          E-Mail:  ken309@richardkennedy.com
          E-Mail:  rrk3@richardkennedy.com
          *Attorneys for Karl W. Rhodes*